JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1351 PA (MRWx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Healthcare Ally Mgmt. of California, LLC v. Veolia ES Industrial Services, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - ORDER

Before the Court is a Response to the Court's May 25, 2016 Order to Show Cause ("OSC") filed by defendant Veolia ES Industrial Services, Inc. ("Defendant"). (Docket No. 17.) Plaintiff Healthcare Ally Management of California, LLC ("Plaintiff") has filed a Reply. (Docket No. 21.) The OSC required Defendant to show cause why this action should not be remanded to Los Angeles County Superior Court for lack of federal subject matter jurisdiction. Defendant's Response asserts that federal jurisdiction exists over Plaintiff's claims on the basis of both diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction based on ERISA preemption, 28 U.S.C. § 1331.

**I.      Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**II.     Federal Question**

Defendant's Notice of Removal alleges that "Plaintiff's Complaint is essentially an action to recover benefits due under the terms of an employee welfare benefit plan governed exclusively by [ERISA]" and therefore "ERISA 'completely preempts' any state law claim or remedy." (Notice of Removal, ¶¶ 11, 15.) Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1351 PA (MRWx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Healthcare Ally Mgmt. of California, LLC v. Veolia ES Industrial Services, Inc. | | |

Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id.  Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim.  Id.  However, there is an exception to this general rule, known as the complete preemption doctrine.  Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998).  Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

The Ninth Circuit has held that a medical provider's claims are not completely preempted by ERISA where the provider is seeking payment based upon a separate agreement between it and the insurer.  Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941, 951 (9th Cir. 2009).  In Marin, the plaintiff hospital sued a patient's employer, the employer's CEO, and a benefits administrator in state court for breach of contract, negligent misrepresentation, quantum meruit, and estoppel.  Id. at 943.  The hospital's claims were based on allegations that the benefits administrator had orally verified the patient's coverage, authorized treatment for the patient, and agreed to cover 90% of the medical expenses incurred.  Id.  However, after the benefits administrator was billed by the hospital, it refused to pay the 90% that it had previously promised.  Id. at 943-44.  The defendants removed the action based on ERISA preemption, and the district court denied the hospital's motion to remand.  Id. at 944.  On appeal, the Ninth Circuit concluded that the action should have been remanded.  Id. at 951.  Under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004), a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions.  Applying Davila, the Ninth Circuit found that the hospital's claims were not completely preempted by ERISA because they were based upon an alleged oral contract with the defendants, which gave rise to an independent legal duty to pay the disputed medical expenses, and prevented the claims from being brought under ERISA.  Id. at 949-50.

In concluding that complete ERISA preemption did not apply, the Ninth Circuit's opinion in Marin distinguished between ERISA § 502(a) complete preemption and conflict preemption under ERISA § 514(a), which preempts provisions of state law that "relate to" ERISA.  Id. at 945.  While complete preemption under § 502(a) creates federal subject matter jurisdiction, conflict preemption under § 514(a) is a defense that "does not confer federal question jurisdiction on a federal district court." Id.  As the Ninth Circuit has explained complete preemption, "[i]f a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1351 PA (MRWx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Healthcare Ally Mgmt. of California, LLC v. Veolia ES Industrial Services, Inc. | | |

Contrary to Defendant's description of the Complaint as bringing claims based on the terms of an ERISA plan, Plaintiff's Complaint, which alleges claims for quantum meruit, breach of oral contract, and promissory estoppel, disclaims any reliance on the ERISA plan's terms. According to the Complaint, Plaintiff "does not in any way, seek to enforce the contractual rights of the Medical Provider's Patient, through the Patient's insurance contract, policies, certificates of coverage or other written insurance agreements." (Notice of Removal, Ex. A, ¶ 7.) Instead, the Complaint's claims "are based upon the individual and proper rights of [Plaintiff] in its own individual capacity and are not derivative of the contractual or other rights of the Medical Provider's Patient." (Id.) According to Plaintiff, all "of the claims asserted in this complaint arise out of the Medical Provider's interactions with Defendant . . . and are derived from the representations and warranties made during those conversations amongst those parties." (Id.) In support of these allegations, the Complaint alleges details of a conversation between Defendant and Plaintiff's medical provider-assignor concerning the terms of payment. (Id. ¶¶ 1, 21-26.)

Based on the Complaint's allegations, this case falls squarely under Marin. In an attempt to avoid this conclusion, Defendant urges the Court to rely on Montefiore Medical Center. v. Teamsters Local 272, 642 F.3d 321 (2d Cir. 2011), a Second Circuit case applying Davila. However, the Second Circuit's interpretation of Davila is "directly at odds" with the Ninth Circuit, and is therefore unpersuasive authority for finding federal subject matter jurisdiction based on ERISA preemption. See John Muir Health v. Cement Masons Health & Welfare Trust Fund for N. California, 69 F. Supp. 3d 1010, 1019 (N.D. Cal. 2014) ("Because Montefiore's holding is directly at odds with the Ninth Circuit's reasoning in Marin General Hospital, the Court declines to follow the Second Circuit's determination that a providers correspondence with a health plan, which is relied upon for the provision of services, holds no legal significance.").[1/] Numerous district courts to consider factual allegations similar to those in the Complaint have concluded that ERISA preemption is inapplicable. See, e.g., id.; Healthcare Ally Mgmt. of California, LLC v. US Airways, Inc., No. CV 16-1411 PA (JCx), 2016 WL 1069944 (C.D. Cal. Mar. 17, 2016); Los Angeles Sleep Studies Inst. v. Anthem Blue Cross Life & Health Ins. Co., No. CV 14-3545 JAK (ASx), 2014 WL 5421044 (C.D. Cal. Oct. 23, 2014); Lodi Mem'l Hosp. Ass'n, Inc. v. Am. Pac. Corp., No. CV 14-1865 JAM DAD, 2014 WL 5473540 (E.D. Cal. Oct. 20, 2014).

Accordingly, the Court concludes that Plaintiff's claims are not completely preempted by ERISA, and therefore this Court lacks federal subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1/]  Contrary to Defendant's argument that "this Court should respectfully reconsider reliance on Marin and follow the analysis in Montefiore to find that Plaintiff's claims here are completely preempted by ERISA," (Response, 8), this Court has no authority to depart from the Ninth Circuit's interpretation of Davila.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1351 PA (MRWx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Healthcare Ally Mgmt. of California, LLC v. Veolia ES Industrial Services, Inc. | | |

**III.   Diversity**

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Although a plaintiff may not use a post-removal stipulation to reduce its demand for damages as a means to defeat diversity jurisdiction, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938), a plaintiff may clarify that federal jurisdiction did not exist at the time of removal. See 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3702.1, n. 15.50 (4th ed.); see also Gillette v. Peerless Ins. Co., No. CV 13-3161 DDP (RZx), 2013 WL 3983872, at *3-4 (C.D. Cal. July 31, 2013). In support of Defendant's contention that the Court possesses diversity jurisdiction over this matter, the Notice of Removal alleges that Plaintiff billed $82,300 worth of services, but only received $3,008.54 in payments, leaving $79,291.46 as the amount in controversy. (Notice of Removal, ¶ 28.) However, Plaintiff has clarified that its Complaint seeks less than $75,000 in damages. (Declaration of Jonathan A. Steiglitz in Support of Plaintiff's Request for a Continuance, ¶¶ 5-6.) And, in its Reply, Plaintiff reaffirms that the amount in controversy in this action is, and always has been, less than $75,000. (Reply, 7, n. 4.)

Defendant's Response asserts that Plaintiff has made a post-removal stipulation that limits, rather than clarifies, the recovery sought in Plaintiff's Complaint to below the jurisdictional minimum. (Response, 10-11). However, the cases relied on by Defendant concern situations where the removed complaint included a demand for damages in excess of $75,000, or the plaintiff filed a post-removal stipulation limiting damages. See, e.g., Hill v. Hill Love, 509 F. App'x 605 (9th Cir. 2013) (affirming denial of motion to remand where the complaint sought damages in excess of $100,000); Burke Family Living Trust v. Metro. Life Ins. Co., No. C09-5388 FDB, 2009 WL 2947196, at *3 (W.D. Wash. Sept. 11, 2009) (same); Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012) (post removal stipulation to reduce nationwide class was insufficient to limit damages). Additionally, Defendant asserts that the Complaint's request for declaratory relief represents an additional cost which must be considered in determining the amount in controversy. See In re Ford Motor Co., 264 F. 3d 952, 958 (9th Cir. 2001). However, because the Complaint seeks only a declaration that Defendant pay "all monies owed for services rendered," (Notice of Removal, Ex. A, Prayer for Relief ¶ 3), the declaratory relief adds only negligible damages. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

The Court finds that Plaintiff has permissibly clarified that the Complaint seeks less than $75,000 in damages. Unlike cases such as Hill, the Complaint does not include a specific monetary demand, and Plaintiff's declaration is not a post removal stipulation which limits damages. Accordingly, Defendant cannot meet its burden on removal to demonstrate that the amount in controversy exceeds $75,000. The Court therefore lacks jurisdiction under 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1351 PA (MRWx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Healthcare Ally Mgmt. of California, LLC v. Veolia ES Industrial Services, Inc. | | |

**Conclusion**

Based on the foregoing, the Court concludes that Defendant has not met its burden of establishing the existence of the Court's subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Accordingly, this action is hereby remanded to the Los Angeles County Superior Court, Case No. SC125325, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.